# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| GARY L. PRATER, | : | |
| Plaintiff, | : | Case No. 3:11cv00455 |
| vs. | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| BLOCK BY BLOCK/MYDATT SERVICES, INC., | : | |
| | : | |
| Defendant. | | |
| | : | |

# ORDER

Plaintiff Gary L. Prater brings this case *pro se* claiming, in part, that his former co-workers or supervisors harassed him because of his race and that the named defendant, his former employer, discriminated against him by terminating his employment because of his race and age.  Plaintiff has attached to his Complaint several forms he apparently filed with the Ohio Civil Rights Commission.  The forms contain specific allegations concerning the purportedly discriminatory events that occurred during his employment.

The Court previously granted Plaintiff's Application to Proceed *in forma pauperis* under 28 U.S.C. §1915.

The case is before the Court for a *sua sponte* review to determine whether Plaintiff's Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief

from a named defendant who is immune from such relief.  If the Complaint suffers from one or more of these deficiencies, it must be dismissed under 28 U.S.C. §1915(e)(2)(B).  If the Complaint raises a claim with an arguable or rational basis in fact or law, it is neither frivolous nor malicious.  *Brand v. Motley*, 526 F.3d 921, 923-24 (6th Cir. 2008); *see Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  A Complaint has no arguable factual basis when its allegations are "fantastic or delusional."  *Brand*, 526 F.3d at 923 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989)); *see Lawler,* 898 F.2d at 1199.  A Complaint has no arguable legal basis when it presents "indisputably meritless" legal theories – for example, when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist.  *See Neitzke,* 490 U.S. at 327-28; *see also Brand*, 526 F.3d at 923.  The main issue thus presented by a *sua sponte* review at this early stage of the case is "whether [the] complaint makes an arguable legal claim and is based on rational facts."  *Brand*, 526 F.3d at 923-24 (citing *Lawler*, 898 F.2d at 1198).

     Accepting Plaintiff's factual allegations as true and construing his *pro se* Complaint liberally in his favor reveals that he raises sufficient allegations and claims to avoid *sua sponte* dismissal.  He raises rational, rather than delusional, factual allegations.  *Cf. Lawler*, 898 F.2d at 1199 ("Examples of claims lacking rational facts are prisoner petitions asserting that Robin Hood and his Merry Men deprived prisoners of their access to mail or that a genie granted a warden's wish to deny prisoners any access to legal texts.").  His allegations, moreover, are sufficiently specific to raise at least an arguable legal claim of

discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2, et seq. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-13 (2002).

Accordingly, Plaintiff's Complaint is not subject to *sua sponte* dismissal under 28 U.S.C. §1915(e)(2). The Clerk of Court may therefore issue process for service by the United States Marshal if presented with properly prepared summonses and copies of the Complaint. If such papers are prepared by Plaintiff and issued by the Clerk, the Clerk shall issue a certified copy of this Order to the Marshal, who shall thereupon make service of process as provided Fed. R. Civ. P. 4.

## IT IS THEREFORE ORDERED THAT:

1. Upon receipt of the properly prepared summonses and copies of the Complaint, the United States Marshal serve a copy of the Complaint, summons, and this Order upon the named defendants as directed by Plaintiff. All costs of service shall be advanced by the United States.

2. Plaintiff must serve the named defendants – or their attorney, in the event an attorney's appearance is entered in the record – with a copy of every document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date and verifying that Plaintiff mailed a true and correct copy of any document to defendants or their attorney. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk of Court or that fails to include a certificate of service will be disregarded by the Court.

3. Plaintiff must inform the Clerk of Court promptly of any changes of address which he has during the pendency of this lawsuit. Failure to do so may result in dismissal of his case for failure to prosecute.


January 24, 2012                                                 s/Sharon L. Ovington
                                                                                 Sharon L. Ovington
                                                           United States Magistrate Judge